IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00382-BNB

KARL ERICH MEHNER,

Petitioner,

v.

STATE OF NEW MEXICO, and
THE ATTORNEY GENERAL OF THE STATE OF NEW MEXICO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -6 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Petitioner, Karl Erich Mehner, submitted to and filed with the Court *pro se* a petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. He has paid the $5.00 filing fee for a habeas corpus action. The Court must construe the petition liberally because Mr. Mehner is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the petition will be denied.

Mr. Mehner appears to be a pretrial detainee who currently is confined at a Santa Fe, New Mexico, detention center. He is challenging his pretrial detention and the conditions of his confinement. Apparently, charges are pending against him in the First Judicial District Court in Santa Fe in Criminal Action No. D0101CR200600632. Mr. Mehner's first claim, although nearly illegible, complains about his conditions of confinement. Claim two is illegible. Claim three raises conditions-of-confinement

claims. Claim four asserts a speedy-trial claim. Claim five alleges excessive bail and asserts conditions-of-confinement claims. Claim six alleges ineffective assistance of counsel. To the extent Mr. Mehner challenges the conditions of his confinement, he may not do so in a habeas corpus action. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

In any case, venue in this Court is not proper. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Respondents reside in New Mexico. The events or omissions giving rise to the claims occurred in New Mexico. There is no allegation that any events giving rise to the instant action occurred in Colorado. Therefore, venue is improper in this Court. Accordingly, it is

2

ORDERED that the petition is denied and the instant action dismissed without prejudice for improper venue.

DATED at Denver, Colorado, this 5 day of March, 2009.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00105-BNB

Eric Marshall
Prisoner No. 83492
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Eric Marshall
Prisoner No. 83492
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/6/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk